UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETER WOLF and LAURA A. WOLF,

           **Plaintiffs,**

v.                                 Case No: 6:23-cv-1589-PGB-RMN

THE FIRST LIBERTY
INSURANCE CORPORATION,

           **Defendant.**
_____/

## ORDER

This cause comes before the Court upon Defendant The First Liberty Insurance Corporation's ("**Defendant**") Motion to Dismiss Count Two of the Complaint (Doc. 8 (the "**Motion**")).[1] Plaintiffs Peter Wolf and Laura A. Wolf ("**Plaintiffs**") filed a response in opposition to the Motion (Doc. 20 (the "**Response**")), and the matter is now ripe for review. Upon due consideration, the Motion will be denied.

---

[1] Although the Motion additionally sought an extension of time for Defendant to respond to Count I of the Complaint (Doc. 1-1 (the "**Complaint**")), this request was denied by the Court on September 13, 2023, and Defendant answered as to Count I on September 22, 2023. (Docs. 17, 18).

I.  **BACKGROUND**[2]

This action began when Plaintiffs filed suit against Defendant in state court on July 20, 2023. (Doc. 1-1). Defendant subsequently removed this action to the instant Court on the basis of diversity jurisdiction. (Doc. 1, p. 2).

In the Complaint, Plaintiffs allege that their residence was insured by Defendant when it was damaged by a windstorm and associated rainwater in September 2022. (Doc. 1-1, ¶¶ 2–3). The Complaint raises two counts against Defendant. (*Id.* ¶¶ 7–20). In Count I, Plaintiffs allege Defendant breached its insurance contract by refusing to pay to "replace and/or repair" the damage to Plaintiffs' residence caused by the windstorm. (*Id.* ¶¶ 7–9). Plaintiffs also seek associated statutory interest penalties, legal costs, and attorney's fees. (*See id.* ¶¶ 10–11).

In Count II, Plaintiffs seek declaratory relief. (*Id.* ¶¶ 12–20). Plaintiffs state that their insurance claim was denied by Defendant "based upon Defendant's flawed, untenable and illegal interpretation" of enumerated phrases in the insurance policy, which are not defined in the policy. (*Id.* ¶ 13). Accordingly, Plaintiffs seek a declaration "that the claimed damage was a covered 'direct loss' or 'physical loss' to the [residence] triggering the payment of benefits on a 'Replacement Cost' basis together with attorney['s] fees and costs[.]" (*Id.* at p. 4).

---

[2] This account of the facts comes from the Complaint (Doc. 1-1), which the Court accepts as true for the purposes of this Motion. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

## II.   STANDARD OF REVIEW

As a preliminary matter, "the Florida Declaratory Judgment Act only functions as a procedural mechanism." *Gettings Prods., Inc. v. Ohio Sec. Ins. Co.*, No. 6:20-cv-1166, 2020 WL 6437050, at *1 (M.D. Fla. July 7, 2020) (citing *Bailey v. Rocky Mt. Holdings, LLC*, 889 F.3d 1259, 1264 n.6 (11th Cir. 2018)); *see also Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016) ("Florida's Declaratory Judgment Act . . . is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights.").[3] "As a federal court sitting in diversity jurisdiction, this Court applies the substantive law of the forum state, in this case Florida, alongside federal procedural law." *Gettings Prods.*, 2020 WL 6437050, at *1 (quoting *Horowitch v. Diamond Aircraft Indus.*, 645 F.3d 1254, 1257 (11th Cir. 2011)).

"[A] declaratory judgment is appropriate when it will '(1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.'" *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, No. 18-cv-192, 2018 WL 3635091, at *4 (M.D. Fla. June 25, 2018) (internal citation omitted). Further, the federal Declaratory Judgment Act, "echoing the 'case or controversy' requirement of [A]rticle III of the Constitution, provides that a declaratory judgment may only be issued in the case of an 'actual controversy.' That is, under

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985) (collecting cases).

Importantly, Federal Rule of Civil Procedure 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." FED. R. CIV. P. 57; *see Hands on Chiropractic*, 2018 WL 3635091, at *4 (declining to dismiss the plaintiff's claim for declaratory relief because an adequate remedy at law existed through a breach of contract claim). Moreover, Federal Rule of Civil Procedure 8 allows a party "[to] plead alternate theories of recovery[,] including . . . declaratory relief[,] even if a remedy at law is pled in another count." *Coastal Wellness Ctrs., Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1222 (S.D. Fla. 2018); FED. R. CIV. P. 8(d)(2).

Nonetheless, "a district court has discretion in deciding whether to entertain an action under the [federal Declaratory Judgment] Act." *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the [federal] Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017); 28 U.S.C. § 2201(a).

Accordingly, courts in this district have exercised their discretion to both grant and deny motions to dismiss claims for declaratory judgment as redundant of claims for breach of contract in the insurance context. *Compare Tiro Beachwear*

*Inc. v. Foremost Ins. Co.*, No. 6:20-cv-425, 2020 WL 5983830, at *2–3 (M.D. Fla. Apr. 8, 2020) (denying the defendant's motion to dismiss the plaintiff's claim for declaratory relief, despite its alleged redundancy of the breach of contract claim, because although "some courts dismiss claims for declaratory relief where the plaintiff alleges a parallel breach of contract claim, others allow the declaratory claim to travel with the breach of contract claim" (internal citation and quotation marks omitted)), *with Fernando Grinberg Tr. Success Int'l Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ., 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (dismissing a plaintiff's claim for declaratory judgment since "determination of [the] breach of contract claim . . . involves the same factual dispute as the declaratory judgment claim, namely, to what extent the damage from the plumbing failure is covered by the insurance policy," and reasoning that the plaintiff would be able to secure relief through the former claim).

In *Tiro Beachwear*, the court addressed a motion to dismiss a plaintiff's claims for declaratory judgment under similar circumstances. Therein, the court reasoned:

> Upon review, the Court need not conclude whether or not the declaratory judgment claims are subsumed by the breach of contract claims because the Court is persuaded to not dismiss the [declaratory judgment] claim[s]. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending all claims. Since the breach of contract claim[s] will proceed, discovery will occur in this case. If the declaratory judgment claim[s are] subsumed by the breach of contract claim[s], there will be no additional discovery burdens as a result of the presence of the other claim[s].

*Tiro Beachwear*, 2020 WL 5983830, at *3. Accordingly, the *Tiro Beachwear* court declined to dismiss the plaintiff's declaratory judgment claims. *Id.*

## III. DISCUSSION

Here, Defendant moves to dismiss Plaintiffs' claim for declaratory relief in Count II of the Complaint, arguing that it is duplicative of Plaintiffs' claim for breach of contract in Count I and is thus subsumed within the breach of contract claim. (Doc. 8, pp. 2–4). Although Defendant also purports to raise a distinct argument that Plaintiff has failed to allege the necessary elements for a declaratory judgment, this argument is essentially a repackaging of Defendant's argument regarding the duplicative nature of Count II. (*See, e.g.*, *id.* at pp. 4–5 (arguing that there is no "bona fide, actual, present, practical need" for the declaration because "other relief is available" through Count I and that Count II amounts to a "request that this Court declare half of a breach of contract lawsuit")).

In their Response, Plaintiffs correctly note that, under Federal Rules of Procedure 8 and 57, a claim for declaratory judgment may be brought despite the existence of an adequate remedy at law, even where such a remedy is pled in another count. (Doc. 20, p. 4 (internal citations omitted)). Plaintiffs further contend that their declaratory judgment claim raises issues that are distinct from their breach of contract claim, including: (1) whether Defendant must cover the replacement cost value of the needed repairs or whether it may limit its liability to actual cash value, and (2) whether Defendant must cover "weather related" and "ensuing water damages," which Plaintiffs assert are "separate and distinct

6

coverages from [Defendant's] initial grounds for denying coverage." (*Id.* at pp. 4–5).

Here, as in *Tiro Beachwear*, the Court finds that it "need not conclude whether or not the declaratory judgment claim[ is] subsumed by the breach of contract claim[], because the Court is persuaded to not dismiss the [declaratory judgment] claim." 2020 WL 5983830, at *3. Even assuming the declaratory judgment claim is duplicative of the breach of contract claim, there will be no additional burden to Defendant, who must engage in discovery relevant to the breach of contract claim regardless of the Court's ruling on this Motion. *See id*. This Court thus declines to exercise its discretion to dismiss Plaintiffs' declaratory judgment claim and will instead allow it to travel with Plaintiffs' breach of contract claim, as is expressly permitted by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8(d)(2), 57.

While Defendant also invites the Court to dismiss Plaintiffs' claim for declaratory judgment pursuant to the Court's "gatekeeping function," arguing that this will conserve legal resources, the Court declines this invitation for the same reasons explained above. (*See* Doc. 8, p. 6). Assuming Plaintiffs' declaratory judgment claim is, in fact, duplicative of Plaintiffs' breach of contract claim, the parties and the Court will expend minimal—if any—additional legal resources in the adjudication of this claim. *See Tiro Beachwear*, 2020 WL 5983830, at *3.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Count Two of the Complaint (Doc. 8) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on April 3, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties